## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHANE DUNNE,
               Appellant,

      v.

DEPARTMENT OF EDUCATION,
               Agency.

DOCKET NUMBER
CB-7121-15-0003-V-1

DATE: April 1, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shane Dunne</u>, San Francisco, California, pro se.

<u>Michael S. Taylor</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant requests review of an arbitrator's decision regarding his removal. For the reasons set forth below, we DENY the request for review for failure to meet the requirements of 5 C.F.R. § 1201.155(d).

¶2     The appellant was removed from his position as an Institutional Review Specialist for poor performance. Request for Review (RFR) File, Tab 1 at 7.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

According to the appellant, he challenged his removal through arbitration pursuant to the grievance procedure and the arbitrator issued a decision dated September 26, 2014. RFR File, Tab 2 at 1. On October 26, 2014, the appellant filed a request for review of the arbitrator's decision with the Board. RFR File, Tab 1. In his request for review, the appellant raised claims of harmful procedural error and prohibited personnel practice, but did not address any of the arbitrator's findings. *See id.* at 5. The appellant also submitted copies of the agency's proposal notice and a Standard Form 50 evidencing his removal.[2] *Id.* at 7, 9-21.

¶3   On October 28, 2014, the appellant filed a motion for an extension of time to supplement his request for review. RFR File, Tab 2. On November 4, 2014, the Clerk of the Board issued a notice to the parties informing them of the docketing of the appellant's request for review and notifying the appellant that he was required to provide the Board with the information required under 5 C.F.R. § 1201.155(d). RFR File, Tab 3 at 1. The Clerk gave the appellant until December 9, 2014, to supplement his request for review. *Id.*

¶4   On December 9, 2014,[3] the appellant filed a request for another 10-day extension. RFR File, Tab 5 at 5. The Clerk granted the appellant's request and gave him until December 19, 2014, to supplement his request for review. RFR File, Tab 6. On December 19, 2014,[4] the appellant filed a third request for an

---

[2] While the appellant indicates that he also has attached an expedited grievance filed on April 2, 2013, such document is not attached to his request for review. RFR File, Tab 1 at 5. In addition, the appellant indicated that he attached the removal decision, but he has only attached the first page of that decision. RFR File, Tab 1 at 6, 107.

[3] Although the time and date stamp on the electronically filed extension of time request indicates that the pleading was filed shortly after midnight Eastern Time on December 10, 2014, the Clerk deemed this pleading to have been timely filed on December 9, 2014, because it was filed from the Pacific Time Zone. RFR File, Tab 6; *see* 5 C.F.R. § 1201.14(m)(1).

[4] This pleading also was filed shortly after midnight Eastern Time on December 20, 2014, and the Clerk deemed it to have been timely filed on December 19, 2014, because

extension of time until December 22, 2014, which also was granted. RFR File, Tab 7 at 4, Tab 8. The appellant never filed a supplement to his request for review and on January 5, 2014, the agency moved to dismiss the appellant's request for failure to comply with the requirements of 5 C.F.R. § 1201.155(d). RFR File, Tab 9.

¶5 Now, months later and well past the deadline set by the Clerk of the Board, the appellant (despite the fact that he received both the Clerk's notice and the agency response), has still failed to supplement his request for review. A prudent person in the appellant's position would not have neglected to respond for this length of time. *See Campa v. Office of Personnel Management*, 65 M.S.P.R. 321, 323 (1994) (allowing an inordinate time period to elapse without inquiring about the status of one's appeal is not the act of a reasonably prudent person). The length of time of the appellant's failure to supplement his submission is significant; as such, the Board may proceed on the record as provided. *See, e.g.*, *Goldberg v. Department of Defense*, 39 M.S.P.R. 515, 517-18 (1989) (supplemental responses filed even 7 days after the filing deadline may be denied in the interest of judicial efficiency and fairness).

¶6 A request for review of an arbitration decision must contain: (1) a statement of the grounds on which review is requested; (2) references to evidence of record or rulings related to the issues before the Board; (3) arguments in support of the stated grounds that refer specifically to relevant documents, and that include relevant citations of authority; and (4) legible copies of the final grievance or arbitration decision, the agency decision to take the action, and other relevant documents. 5 C.F.R. § 1201.155(d). Because the Clerk of the Board correctly articulated these requirements in its November 4, 2014 acknowledgment letter, the appellant was on notice regarding the requirements. RFR File, Tab 3 at 1.

---

it was filed from the Pacific Time Zone. RFR File, Tab 8; *see* 5 C.F.R. § 1201.14(m)(1).

¶7 The appellant's request for review is insufficient to satisfy any of the requirements of 5 C.F.R. § 1201.155(d). Despite being granted three extensions, the appellant has failed to provide a statement of the grounds on which review is requested, provide references to the evidence of record or rulings related to the issues before the Board, arguments in support of the stated grounds, or a legible copy of the final grievance or arbitration decision. Significantly, the appellant fails to articulate what aspects of the arbitrator's decision he is challenging or even provide a copy of the decision itself. Because the appellant has not met the regulatory requirements for Board review of an arbitration decision and has provided no reason to disturb the arbitration award, we DENY the appellant's request for review of the arbitration decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.